# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

LAUSTEVEION JOHNSON,

    Plaintiff,

vs.

REGINA BARRETT, et al.,

    Defendant.

2:17-CV-02304-RFB-VCF

**ORDER**

Before the court is Defendants' Motion to Revoke Plaintiff's Pauper Status (ECF No. 20).

Under Local Rule LSR 1-5, "[t]he court may…revoke leave to proceed *in forma pauperis* if the party to whom leave was granted becomes capable of paying the complete filing fee." In this case, subsequent to Plaintiff filing his application to proceed in forma pauperis, Plaintiff received a $25,000 settlement award. (ECF No. 20 at 2). Records indicate Plaintiff currently has over $5,000 in his trust accounts. The court finds that Plaintiff can pay the complete filing fee.

Accordingly,

IT IS HEREBY ORDERED that the Defendants' Motion to Revoke Plaintiff's Pauper Status (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff has until May 24, 2019 to pay the complete filing fee. Failure to timely pay the filing fee will result in a recommendation for dismissal without prejudice. The current civil filing fee is $350 plus $50 administrative fee for a total of $400.

IT IS FURTHER ORDERED that Plaintiff's Motion for Issuance and Service of Summons for Ryan Gilmore (ECF NO. 18) and Motion to Conduct Discovery (ECF NO. 19) are DENIED without prejudice. Plaintiff may refile these two motions after payment of the filing fee.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (*See* LSR 2-2).

DATED this 24th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE