# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REGINA BARRETT, *et al.*,<br><br>　　　　Defendants. | 2:17-cv-02304-RFB-VCF<br>**<u>ORDER</u>** |

Before the court are Plaintiff's Request for Service by U.S. Marshal's Office or Alternatively, Motion to Unseal Ryan Gillmore's Last Known Address (ECF NO. 49) and Motion for Extension of Time to Serve Ryan Gillmore (ECF NO. 50).

**Background:**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided on Plaintiff's application to proceed *in forma pauperis*, the Court found that Plaintiff was unable to prepay the full filing fee in this matter. (ECF No. 14). The Court ordered that service must be perfected by April 29, 2019. *Id.* The Attorney General's office acceptance service on behalf of Defendants Regina Barrett, Christopher Harris, Julio Mesa (believed to be sued as "Mesa"), and Timothy Knatz (believed to be sued as "Knatz"). The AG's Office did not accept service on former NDOC employee Ryan Gillmore and his address was filed under seal. (ECF Nos. 15 & 16). Plaintiff filed his first motion for issuance and service of Summons on Ryan Gillmore on March 13, 2019. (ECF No. 18).

Defendants filed Defendants' motion to revoke Plaintiff's Pauper Status because Plaintiff had received a large settlement payment (ECF No. 20).

On April 25, 2019, the court granted Defendants' motion and revoked Plaintiff's *in forma pauperis* status. Plaintiff was ordered to pay the complete filing fee. (ECF No. 30). In the same order, Plaintiff's Motion for Issuance and Service of Summons for Ryan Gillmore (ECF No. 18) was denied without prejudice. *Id.* On May 14, 2019, Plaintiff paid the full filing fee. (ECF No. 40).

On June 6, 2019, Summons on Ryan Gillmore was returned unexecuted due to lack of address by the U.S. Marshal. (ECF No. 47). This Summons was not issued by the Court. It appears that Johnson filled out a blank Summons form and asked the U.S. Marshal to effectuate service of process on Ryan Gillmore without the Court's permission.

On June 18, 2019, the Court sent Plaintiff a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) as to Gillmore. The Notice states that proof of service on Gillmore must be filed with the clerk by July 18, 2019 and that service on the Gillmore must have taken place prior to the expiration of the time limit set forth in Fed.R.Civ.P. 4(m), or good cause must be shown as to why such service was not made in that period. (ECF No. 48). On June 27, 2019, Plaintiff filed two motions requesting a 90 extension of time to perfect service on Gillmore and for the U.S. Marshal to serve Gillmore or alternatively to unseal Gillmore's last known address. (ECF Nos. 49 & 50).

**Discussion:**

Over the past several years, Plaintiff has filed 32 cases in this court. Plaintiff is familiar with this court's rules on service and issuance of Summons. He has filed motions to extend the time to perfect service and requests for the U.S. Marshal to serve in his other cases. Johnson is an experienced pro se litigant.

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The time to perfect service ended on April 29, 2019. ECF No. 14. Plaintiff has not given good cause to extend the time to serve Gillmore. Plaintiff's reason for an extension is that the U.S. Marshal attempted to serve Gillmore once and was unsuccessful. (ECF No. 50). Here, Johnson had asked the U.S. Marshal, without the Court's permission, to effectuate service of process on Ryan Gillmore with an unissued Summons. (ECF No. 47). Johnson knows that he needs the court to first issue the Summons and the court must give him permission for service to be made by the U.S. Marshal. In ECF No. 18, Johnson requested issuance and service on Gillmore. This motion was denied without prejudice because Johnson's IFP status was revoked. Johnson paid his filing fee on May 14, 2019. (ECF NO. 40). The instant motion was filed on June 27, 2019 after the court sent him a notice of intent to dismiss pursuant to Rule 4(m). Plaintiff has not given good cause to extend the time to perfect service on Gillmore. Plaintiff knows the rule on service and he simply chose to not abide by it.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Serve Ryan Gillmore (ECF NO. 50) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Service by U.S. Marshal's Office or Alternatively, Motion to Unseal Ryan Gillmore's Last Known Address (ECF NO. 49) is DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

DATED this 15th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE