1

2

3                          **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5                                          * * *

6     Lausteveion Johnson,                          Case No. 2:17-cv-02304-RFB-BNW

7                            Plaintiff,
                                                    **ORDER AND REPORT AND**
8          v.                                       **RECOMMENDATION**

9     Regina Barrett, et al.,

10                           Defendants.

11

12          Presently before the Court is Plaintiff's motion to amend. (ECF No. 69.) Defendants

13    responded to this motion (ECF No. 73), and Plaintiff replied (ECF No. 77). For the reasons

14    discussed below, the Court grants Plaintiff's motion in part and recommends that it be denied in

15    part.

16                                       **BACKGROUND**

17          This is a prisoner civil rights case. Plaintiff filed his complaint on September 1, 2017,

18    while in the custody of the Nevada Department of Corrections (NDOC). ECF No. 1-1. On

19    October 30, 2018, the Court issued its screening order. ECF No. 4. Pursuant to the screening

20    order, Plaintiff was allowed to proceed on the following claims:

21          • A First Amendment and Religious Land Use and Institutionalized Persons Act claim
              against Defendant Mesa, which alleged that he took Plaintiff's Qur'an for no legitimate
22            reason and refused to return it.

23
            • An Eighth Amendment claim against Defendants Gilmore and Barrett, which alleged
24            that Gilmore sexually assaulted Plaintiff at the request of Barrett, after Barrett threatened
              Plaintiff with sexual assault in retaliation for Plaintiff's ongoing filing of grievances.
25
            • A First Amendment retaliation claim against Defendants Gilmore, Mesa, Barrett, Knatz,
26            and Harris, which alleged that Gilmore failed to list Plaintiff's television in his property;
              Barrett refused to process Plaintiff's emergency grievance and threatened him with sexual
27            assault; Mesa took Plaintiff's Qur'an; Gilmore sexually assaulted Plaintiff; and Knatz,

28

Harris, and Barrett filed false disciplinary charges against Plaintiff, all in retaliation for Plaintiff's filing of grievances. *Id.* at 5-8.

On April 1, 2019, Defendants filed a partial motion to dismiss. ECF No. 23. On February 27, 2020, a hearing was held on this motion. ECF No. 66. Defendants' motion was granted in part and denied in part. *Id.* The Court (1) granted the motion as to Plaintiff's Religious Land Use and Institutionalized Persons Act claim against Defendant Mesa. Dismissal as to this claim was without prejudice, and Plaintiff was given leave to amend the complaint to request injunctive relief. *Id.* (2) The motion was also granted as to Plaintiff's claims against Defendants in their official capacities. This dismissal was with prejudice, as the Court found that amendment would be futile. *Id.* (3) The motion was denied without prejudice as to qualified immunity. *Id.*

On August 20, 2019, this Court dismissed Defendant Gilmore without prejudice pursuant to Fed. R. Civ. P. 4(m). ECF No. 52.

On March 24, 2020, Plaintiff filed his motion to amend. ECF No. 69. Plaintiff writes that he moves to amend his complaint to add requests for specific injunctive relief, to add defendants, and to extend counts. *Id.* at 1.

Defendants oppose Plaintiff's motion to amend, in part, on several grounds discussed below. ECF No. 73. Plaintiff replied at ECF No. 77, discussing Defendants' arguments.

## DISCUSSION

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

**I.        Plaintiff's Request for Injunctive Relief Related to Plaintiff's Qur'an**

Defendants do not oppose Plaintiff's request to amend his complaint to the extent he seeks to add a request for injunctive relief related to the return of his Qur'an. ECF No. 73 at 4-5. The Court also previously stated that Plaintiff could amend his complaint to request this relief. ECF No. 66. Accordingly, the Court will allow Plaintiff to amend his complaint to request injunctive relief related to the return of his Qur'an.

**II.       Plaintiff's Request to Sue Defendants in Their Official Capacity**

Plaintiff's proposed amended complaint sues all Defendants in both their individual and official capacities. ECF No. 69-1 at 2-3. The Court previously dismissed Plaintiff's official-capacity claims with prejudice. ECF No. 66. Accordingly, Defendants argue that Plaintiff's claims should not be allowed to proceed against Defendants in their official capacities. ECF No. 73 at 5. In reply, Plaintiff argues that he is only suing Defendants in their official capacity for injunctive relief, and the Court only dismissed his official-capacity claims with prejudice when he was seeking monetary damages. ECF No. 77 at 1-2.

Plaintiff is correct. Plaintiff's original complaint only sought monetary damages. ECF No. 5 at 12. However, Plaintiff now also seeks two forms of injunctive relief: (1) the return of his Qur'an from NDOC and (1) that the camera policy be changed to mandate that footage be kept of alleged staff misconduct. ECF No. 69-1 at 18. As a plaintiff may sue government actors in their official capacity for injunctive relief (*see Wolfe v. Strankman*, 392 F.3d 358, 364–65 (9th Cir. 2004)), the Court will allow Plaintiff to sue Defendants in their official capacity for injunctive relief only.

**III.      Plaintiff's Request to Rename Gilmore as a Defendant**

Plaintiff's amended complaint seeks to add Gilmore as a defendant. Plaintiff's original complaint made allegations against Gilmore. See ECF No. 5 at 2. The Office of the Attorney General did not accept service for Gilmore but provided a last known address. *See* ECF No. 15. Plaintiff did not serve Gilmore.

On June 18, 2019, the Court filed a Notice of Intent to Dismiss Gilmore pursuant to Fed. R. Civ. P. Rule 4(m). ECF No. 48. Plaintiff filed a request for an extension of time to serve

1  Gilmore, but the Court denied this request. *See* ECF No. 51. The Court noted that "Over the past

2  several years, Plaintiff has filed 32 cases in this court. Plaintiff is familiar with this court's rules

3  on service and issuance of Summons. He has filed motions to extend the time to perfect service

4  and requests for the U.S. Marshal to serve in his other cases. Johnson is an experienced pro se

5  litigant." ECF No 51 at 2. The Court further found that Plaintiff had not demonstrated good cause

6  to extend the time to serve Gilmore. *Id.* at 3. Shortly thereafter, the Court ordered this case

7  dismissed without prejudice against Gilmore. *See* ECF No. 52.

8    Now, Plaintiff attempts to re-name Gilmore in his proposed amended complaint. ECF No.

9  69-1 at 4. Plaintiff's allegations against Gilmore appear to be the same in the complaint and the

10  amended complaint. *Compare* ECF No. 5 and ECF No. 69-1.

11    The Court agrees with Defendants that Plaintiff is attempting to make a bad faith end-run

12  around this Court's prior order dismissing Gilmore. While Plaintiff correctly asserts in his reply

13  brief that Gilmore was dismissed without prejudice (ECF No. 77 at 2), he does not cite any

14  authority for the proposition that the Court could or should allow him to rename Gilmore after he

15  has been dismissed. *See* ECF No. 77. Accordingly, the Court will recommend that Plaintiff's

16  motion to amend be denied under LR 7-2(d) to the extent that it seeks to rename Gilmore.

17    **IV.    Plaintiff's Request to Rename Carson City as a Defendant**

18    Plaintiff's original complaint named Carson City as a Defendant. *See* ECF No. 5. Carson

19  City was dismissed in the Court's screening order, as Plaintiff failed to make sufficient factual

20  allegations to state a claim against it. *See* ECF No. 4. Plaintiff now attempts to rename Carson

21  City as defendant in his amended complaint. *See* ECF No. 69-1. As Defendants correctly point

22  out, however, Plaintiff does not appear to allege any additional facts about Carson City that would

23  suffice to state a claim against it. *See* ECF No. 73 at 7; ECF Nos. 5, 69-1. Accordingly, the Court

24  will recommend that Plaintiff's motion to amend be denied to the extent it seeks to add Carson

25  City as a defendant.

26    **V.    Plaintiff's Request to Add Defendants Dzurenda, Howell, and Gentry**

27    Plaintiff seeks to add three new defendants in his amended complaint: Jerry Howell, Jo

28  Gentry, and James Dzurenda. *See* ECF No. 69-1. Plaintiff contends that these defendants violated

1    the Eighth Amendment by failing to properly train their employees. *Id.* at 13. Though Plaintiff's

2    penmanship is difficult to read, he also appears to allege that these defendants knew that when

3    prisoners complained of abuse, employees would erase any video footage of these events. *Id.*

4    Plaintiff also alleges that videos relevant to his allegations existed but were destroyed. *Id.*

5         As Defendants correctly point out, "[a] supervisor is only liable for constitutional

6    violations of his subordinates if the supervisor participated in or directed the violations, or knew

7    of the violations and failed to act to prevent them. There is no respondent superior liability under

8    section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff does not allege

9    any facts suggesting that Howell, Gentry, or Dzurenda participated in, directed, or knew about

10   and failed to prevent the alleged violations of Plaintiff's Eighth Amendment rights. *See* ECF No.

11   69-1. While Plaintiff generally suggests that these defendants knew other prison employees

12   destroyed evidence of prisoner abuse, Plaintiff does not allege that these defendants participated

13   in, directed, or knew about and failed to prevent his abuse. *See id.* at 69-1 at 13. Nor does Plaintiff

14   allege that these defendants participated in, directed, or knew about and failed to prevent the

15   destruction of relevant evidence in this case. *Id.* (And even assuming Plaintiff had alleged this,

16   Plaintiff does not explain how destruction of evidence violates the Eighth Amendment.)

17   Accordingly, the Court will recommend that Plaintiff's motion to amend be denied to the extent

18   that he seeks to add claims against Howell, Gentry, and Dzurenda.

19        **VI.    Plaintiff's Request to Add Additional Claims**

20        Plaintiff seeks to add a Fourth Count to his amended complaint, adding claims for

21   multiple violations of the Eighth Amendment, conspiracy, assault and battery, and supervisory

22   liability. ECF No. 69-1 at 12-14. The court considers five factors under Rule 15 in assessing

23   whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility

24   of amendment, and whether the plaintiff has previously amended the complaint. *United States v.*

25   *Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

26        Here, Defendants do not address these factors directly but suggest that amendment should

27   be denied based on Plaintiff's delay. *See* ECF No. 73 at 8. Defendants point out that Plaintiff's

28   new count appears to be based on the same factual allegations as the original complaint. *See id.*;

1    ECF No. 5. The Court agrees that the new count seems to arise out of the same conduct alleged in

2    2017. And Plaintiff does not suggest that he did not know about these facts when he filed his

3    original complaint in 2017. *See* ECF Nos. 69, 69-1, 77. However, delay alone is not a dispositive

4    factor in the amendment analysis. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980,

5    986 (9th Cir. 1999) ("delay is not a dispositive factor in the amendment analysis"); *Morongo*

6    *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (delay of nearly two years

7    would not be enough by itself to support denial of motion to amend). Because Defendants did not

8    discuss any of the other Rule 15 factors and courts cannot manufacturer arguments for litigants,

9    the Court will allow Plaintiff's Fourth Count to proceed to the extent it is not otherwise

10   inconsistent with this opinion.[1]

11          The Court also declines Defendants' request to screen Plaintiff's new count. *See* ECF No.

12   73 at 8. The Court ordinarily screens plaintiffs' complaints prior to service. *See* 28 U.S.C. §

13   1915(e)(2)(B)(i); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). However,

14   when defendants file a responsive pleading, such as a motion to dismiss, the need for screening is

15   obviated. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the

16   purpose of Section 1915 is to ensure that "the targets of frivolous or malicious suits need not bear

17   the expense of responding"); *see also Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL

18   6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court,

19   either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint.").

20          In this case, another screening order is not necessary. The Court screened Plaintiff's

21   original complaint (which survived screening), and Defendants responded by filing a motion to

22   dismiss. *See* ECF No. 23. Additionally, Defendants were given another opportunity to challenge

23   Plaintiff's amended complaint in their response to Plaintiff's motion to amend. *See* ECF No. 73.

24   Accordingly, this case shall proceed on the normal litigation track and will not be screened again.

25

26

27          _____

28          [1] For example, to the extent Plaintiff attempts to bring claims against Gilmore, Carson City,
     Howell, Gentry, and/or Dzurenda in Count Four, the Court is not allowing these claims to proceed.

**ORDER AND RECOMMENDATIONS**

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 69) is GRANTED in part and the Court RECOMMENDS that it be DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint is GRANTED to the extent he seeks to amend his complaint to request injunctive relief related to the return of his Qur'an.

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint is GRANTED to the extent he seeks to sue Defendants in their official capacities for injunctive relief only.

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint is GRANTED to the extent he seeks to add Count Four, but only to the extent that Count Four is not otherwise inconsistent with this order.[2]

IT IS RECOMMENDED that Plaintiff's motion to amend his complaint be DENIED to the extent he seeks to add Gilmore as a Defendant.

IT IS FURTHER RECOMMENDED that Plaintiff's motion to amend his complaint be DENIED to the extent it seeks to add Carson City as a defendant.

IT IS FURTHER RECOMMENDED that Plaintiff's motion to amend his complaint be DENIED to the extent it seeks to add claims against Howell, Gentry and Dzurenda.

---

[2] Again, to the extent Plaintiff attempts to bring claims against Gilmore, Carson City, Howell, Gentry, and/or Dzurenda in Count Four, the Court is not allowing these claims to proceed.

1

**NOTICE**

2          This report and recommendation is submitted to the United States district judge assigned

3    to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

4    may file a written objection supported by points and authorities within fourteen days of being

5    served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

6    objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

7    1157 (9th Cir. 1991).

8

9

10          DATED: August 31, 2020

11

12                                                    _____

13                                                    BRENDA WEKSLER
                                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28