AARON D. FORD
  Attorney General
MATTHEW P. FEELEY (Bar No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3120 (phone)
(702) 486-3773 (fax)
Email: mfeeley@ag.nv.gov

*Attorneys for Defendants*
*Regina Barrett, Christopher Harris,*
*Julio Mesa, and Timothy Knatz*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No. 2:17-cv-02304-RFB-BNW |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION TO EXTEND THE REMAINING CASE MANAGEMENT DEADLINES (FIRST REQUEST)** |
| REGINA BARRETT, *et al.*, | |
| Defendants. | |

Defendants Regina Barrett, Christopher Harris, Julio Mesa, and Timothy Knatz, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Matthew P. Feeley, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, move to extend the remaining case management deadlines for either a date based on a pending decision of the court, or an additional ninety (90) days. Defendants' Motion is made and based on the following memorandum of points and authorities, Rule 6 of the Federal Rules of Civil Procedure, Local Rule 26-4, the pleadings and papers on file, and any other evidence the Court deems appropriate to consider.

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendants are hereby respectfully requesting an extension to the remaining case management deadlines which include only the deadline to file dispositive motions and to file a joint pretrial order. Defendants submit that there are important procedural issues still pending before the court which may affect any decision on any summary judgment matter.

**II.    BACKGROUND**

This is an inmate civil rights action. Plaintiff Lausteveion Johnson (Johnson) is incarcerated by the Nevada Department of Corrections (NDOC).

On October 30, 2018, the Court issued its Screening Order and Johnson's Complaint was filed. ECF Nos. 4 and 5 *respectively*.

On April 1, 2019, Defendants filed a Motion to Dismiss the Complaint in Part. ECF No. 23.

On August 20, 2019, This Court Dismissed Defendant Gilmore without prejudice pursuant to Fed. R. Civ. P. 4(m). ECF No. 52.

On February 27, 2020, this Court Ordered that Defendants' Motion to Dismiss the Complaint was granted in part and denied in part. The Court Ordered that "Defendant may re-file the Motion to Dismiss on grounds of qualified immunity in three (3) weeks." ECF No. 66.

On March 19, 2020, Defendants re-filed their Motion to Dismiss, pursuant to the Order of the Court (ECF No. 66). ECF No. 68. The Court has not yet ruled on that matter.

On March 24, 2020, Johnson filed a Motion for Leave to Amend Complaint. ECF No. 69. Defendant's filed an Opposition. ECF No. 73. The Court has not yet ruled on that matter either.

On July 6, 2020, Johnson filed a Partial Motion for Summary Judgment. ECF No. 80.

/ / /

On July 27, 2020, Defendants moved for an extension in which to respond to Johnson's Motion. (ECF No. 82). That motion is also still pending before this Court.

Defendants now submit this Motion to extend the remaining case management deadlines.

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

## IV. ARGUMENT – GOOD CAUSE EXISTS TO EXTEND THE DEADLINES

On July 27, 2020, Defendants moved for an extension in which to respond to Johnson's Motion for Summary Judgment. (ECF No. 82). That motion is still pending before this Court. However, for the same reasons put forth in that Motion, Defendants also request an extension to the remaining case management deadlines.

Specifically, there are still undecided issues related to the Complaint in this matter. Although Johnson brought claims against Timothy Knatz (Knatz) and Christopher Harris (Harris), Defendants filed a Motion to Dismiss these defendants based on qualified immunity.[1] ECF No. 68. Johnson opposed Defendant's Motion to Dismiss. ECF No. 74. The Court has yet to rule on this motion and as such the parties are unaware if the claims against Knatz and Harris will proceed or not. Knatz and Harris' involvement in this matter is unclear as it is unknow if they will continue as Defendants or just potential witnesses.

Additionally, Johnson filed a Motion to Amend his Complaint. ECF No. 69. Defendant's opposed this motion. ECF No. 73. Although Ryan Gilmore (Gilmore) was dismissed without prejudice from this matter (ECF No. 52), Johnson has re-named him in

---

[1] Defendants Motion to Dismiss was re-submitted pursuant to the the Order of the Court (ECF No. 66). ECF No. 68.

Page **3** of **7**

his proposed amended complaint and is attempting to bring Gilmore back into this action. ECF No. 69-1 at 2:14. Johnson also attempts to bring in additional Defendants to this matter to include James Dzurenda (Dzurenda), Jerry Howell (Howell), and Jo Gentry (Gentry). *Id*. at 2-3. Johnson also has attempted to add additional counts to his Complaint, bringing new claims of deliberate indifference, excessive force, conspiracy, wonton and unnecessary verbal sexual abuse, assault and battery, cruel and unusual punishment, and supervisory liability. *Id*. at 12.

Defendants have filed an opposition to Johnson's motion to file an amended complaint, however the Court has yet to rule on this matter. As it stands, Johnson's original Complaint is the operative Complaint, however, were the Court to grant Plaintiff's motion to amend, that would certainly change.

Plaintiff's Partial Motion for Summary Judgment primarily focuses on Defendant Barrett, however he also discusses the alleged actions of Gilmore ECF No. 80. Gilmore was dismissed without prejudice pursuant to Rule 4(m) (ECF No. 52) but Johnson moved to bring Gilmore back into this action. ECF No. 69. Johnson has levied numerous allegations against Gilmore in his partial motion for summary judgment; none of which undersigned counsel can reasonably respond to, having never represented Gilmore in this matter, and knowing that Gilmore could possibly still be brought in as a Defendant. A defense of Barrett necessarily depends on the pending decisions before the court of whether or not Plaintiff may amend his Complaint. The same issue applies to the Court's pending decision on Defendants' Motion to Dismiss. Based on these two pending issues, it is unclear as to whether or not Knatz, Harris, Gilmore, Dzurenda, Howell, or Gentry are even going to be defendants in this matter, and it is unknown as to what claims will be allowed to proceed.

Defendants are not able bring a Motion for Summary Judgment regarding the currently standing defendants and claims without knowing if certain defendants will be dismissed, certain defendants may be added, and whether additional claims may proceed. Any discussion of the underlying facts will certainly involve issues that may prejudice these other defendants and issues.

## V. INFORMATION REQUIRED BY LOCAL RULE 26-4

Defendants provide the following information in accordance with Local Rule 26-4.

### A. Discovery Completed

Defendants Barrett and Knatz have both responded to written discovery served by Plaintiff. Additionally, Defendants have taken the deposition of Plaintiff.

### B. Discovery that Remains to be Completed

No additional discovery is needed at this time. Additional discover may be needed depending on the outcome of the currently pending Motions to Dismiss (ECF No. 68) and Motion to Amend (ECF No. 69) The remaining case management deadlines are:

Dispositive motion deadline:                                              August 27, 2020

Joint pretrial order (if no dispositive motions filed):        September 28, 2020

### C. Reasons Why the Deadlines Were Not Satisfied

No remaining deadlines have failed to have been satisfied. However, as argued above, The Court's decision on these pending matters may affect the issues that will be in dispute in any Motion for Summary Judgment.

### D. Proposed Schedule for Remaining Deadlines

Defendants respectfully request that the Dispositive Motion deadline be extended until 30 days after a decision is issued on both Defendant's Motion to Dismiss (ECF No. 68) and Plaintiff's Motion to file an Amended Complaint (ECF No. 69). Depending on the decision in those matters, Defendants may request additional time to respond.

Defendants now propose the following deadlines:

**Dispositive motion deadline:**

30 days after a decision by the Court on the pending Motion to Dismiss and Motion to Amend

**Joint pretrial order (if no dispositive motions filed):**

30 days after the Dispositive Motion deadline.

If the Court prefers more concrete deadlines, Defendants propose in the alternative a set 90 day extension, making the deadlines:

**Dispositive motion deadline:** November 25, 2020

**Joint pretrial order (if no dispositive motions filed):** December 27, 2020

## VI. CONCLUSION

There are important procedural issues still pending before the court which may affect any decision on any summary judgment matter. As such, Defendants are hereby respectfully requesting an extension in which to respond to Plaintiff's Partial Motion for Summary Judgment.

DATED this 26th day of August, 2020.

        AARON D. FORD
        Attorney General

        By: /s/ Matthew P. Feeley
            MATTHEW P. FEELEY (Bar. No. 13336)
            Deputy Attorney General

        *Attorneys for Defendants*
        *Regina Barrett, Christopher Harris,*
        *Julio Mesa, and Timothy Knatz*

The motion is granted as unopposed.
*See* LR 7-2(d).

IT IS SO ORDERED

DATED: 5:07 pm, September 14, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE