1

2   **UNITED STATES DISTRICT COURT**

3   **DISTRICT OF NEVADA**

4   * * *

5   LAUSTEVEION JOHNSON,                              Case No. 2:17-cv-02304-RFB-BNW

6                                   Plaintiff,        **ORDER**

7          v.                                         Motion for Immediate Transfer
                                                      (ECF No. 87)
8   REGINA BARRETT, *et. al*,
                                                      Motion for Preliminary Injunction and
9                                   Defendants.       Request for Teleconference
                                                      (ECF No. 88)
10

11

12  **I.      INTRODUCTION**

13          Before the Court are Plaintiff's Motion for Immediate Transfer (ECF No. 87) and Motion

14  for Preliminary Injunction and Request for Teleconference (ECF No. 88). For the following

15  reasons, the Court denies both motions.

16  **II.     PROCEDURAL BACKGROUND**

17          Plaintiff, who is currently incarcerated and under the custody of the Nevada Department of

18  Corrections, ("NDOC") filed his complaint and application to proceed in forma pauperis on

19  September 1, 2017. ECF No. 1. The Court screened his complaint on October 30, 2018. ECF No.

20  4. On April 1, 2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint in Part. ECF No.

21  23. The Court ordered that Defendants' Motion to Dismiss Plaintiff's Complaint be granted in part

22  and denied in part. ECF No. 66. On March 19, 2020, Defendants resubmitted their Motion to

23  Dismiss as permitted by the Court. ECF No. 68. On July 6, 2020, Plaintiff submitted a Motion for

24  Partial Summary Judgment. ECF No. 80. The Court stayed the dispositive motion deadline until

25  after the Motion to Dismiss is ruled upon. ECF No. 85. Plaintiff filed the instant Motion for

26  Immediate Transfer (ECF No. 87) and Motion for Preliminary Injunction (ECF No. 88), which are

27  the same document, on November 6, 2020. Defendants responded on November 20, 2020. ECF

28  Nos. 90, 91.

III.     **LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief,  (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

IV.     **DISCUSSION**

Plaintiff requests an immediate transfer from Southern Desert Correctional Center ("SDCC") to Lovelock Correctional Center ("LCC"), or in the alternative, an emergency injunction because of security and safety reasons. He also requests a teleconference on his motion if a hearing is necessary. Plaintiff states that he is classified for LCC and was moved to SDCC around January 20, 2020 for "Court and Return." Plaintiff alleges that the Court set up multiple court hearings for appearances which kept him at SDCC. He states he spoke with Katlyn Brady, Deputy Attorney General about his intention to seek an immediate transfer to LCC, and that she stated that she would not oppose.

Plaintiff says that he has been retaliated against by SDCC staff who have placed him in the

1   hole, taken his property, and prevented him from having his Islamic diet because they found out

2   he was scheduled to be on trial against SDCC staff. To the extent that he is alleging an injury,

3   Plaintiff also states that he has increased risk of contracting COVID-19 due to a sinus infection

4   and that he needs to be transferred to LCC to receive treatment.

5        Defendants say first that Plaintiff misrepresented their position, and that Plaintiff never

6   indicated that he intended to file a motion requesting an immediate transfer. Had he done so,

7   Defendants say they would have stated that they would oppose it. Defendants state Plaintiff

8   indicated he was submitting an internal request to NDOC that he be transferred back to LCC, and

9   Katlyn Brady, Deputy Attorney General, told him that the Nevada Attorney General (OAG) is not

10   involved with internal transfers conducted by the NDOC.

11        Second, Defendants assert that Plaintiff is engaging in forum shopping to attempt to obtain

12   a favorable ruling on motion for a transfer to LCC. On November 16, 2020, Plaintiff filed this

13   instant emergency motion for an immediate transfer or in the alternative, a preliminary injunction

14   transferring Plaintiff to LCC. ECF Nos. 87 and 88. On November 12, 2020, in <u>Johnson v. Wills,</u>

15   2:17-cv-01121-APG-EJY, Plaintiff filed a similar motion entitled "Plaintiff's Unopposed Motion

16   for Immediate Transfer," and Defendants in that matter filed an opposition with the same allegation

17   that Plaintiff misrepresented the context of the parties' conversation regarding a transfer.

18        Third, Defendants assert that Plaintiff has not grieved any of his allegations regarding

19   inadequate medical care, staff threats, or housing while being at SDCC. Defendants also state that

20   NDOC suspended all internal inmate transfer for the next several weeks to better establish a

21   COVID-19 "firewall," transferring Plaintiff would increase the likelihood that COVID-19 spreads

22   through LCC, and Plaintiff would be required to be isolated for approximately two weeks.

23        Finally, Defendants state that there is no nexus between the request for transfer to LCC and

24   Plaintiff's Complaint, which are retaliation claims against several NDOC employees. ECF No. 4

25   at 5-8. Further, Defendants state that Plaintiff failed to meet any of the four preliminary injunction

26   factors.

27        **A.  Motion for immediate transfer, or in the alternative, a preliminary injunction**

28        Here, the Court denies Plaintiff's request for an immediate transfer to LCC, or in the

1   alternative, a preliminary injunction. Judge Gordon denied Plaintiff's motion to transfer to LCC in

2   Johnson v. Wills, 2:17-cv-00121-APG-EJY. Similarly, this court denies Plaintiff's motion to

3   transfer because whether and when to transfer Plaintiff in this instance is a matter for NDOC to

4   decide.

5         With respect to the preliminary injunction, the court denies the motion as there is no

6   relationship between the request to transfer and the underlying complaint. Pac. Radiation

7   Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Plaintiff fails to address

8   the factors needed for injunctive relief: that Plaintiff is likely to succeed on the merits, that he is

9   likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

10  tips in his favor, and that an injunction is in the public interest.

11        **B.  Motion for Teleconference**

12        Under Local Rule 78-1, all motions may be "considered and decided without or without a

13  hearing." However, a court may not refuse to hear oral argument if a party "would suffer unfair

14  prejudice as a result." Mahon v. Credit Bureau of Placer Cnty. Inc., 171 F.3d 1197, 1200 (9th

15  Cir.1999), as amended (Apr. 28, 1999).

16        Here, Plaintiff requested a teleconference for Plaintiff's Motion for Immediate Transfer.

17  ECF No. 87. The Court has considered the merits of the Motion to Transfer above and finds that

18  neither party would suffer unfair prejudice without a hearing, so Plaintiff's Motion for

19  Teleconference is denied.

20   **V.    CONCLUSION**

21        IT IS ORDERED that Plaintiff's Motion for Immediate Transfer (ECF No. 87) and Motion

22  for Preliminary Injunction and Request for Teleconference (ECF No. 88) are DENIED.

25   DATED: March 8, 2021

26   _____

27   **RICHARD F. BOULWARE, II**

28   **UNITED STATES DISTRICT JUDGE**