AARON D. FORD
  Attorney General
AMY A. PORRAY (Bar No. 9596)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: aporray@ag.nv.gov

*Attorneys for Defendants*
*Regina Barrett, Christopher Harris,*
*Julio Mesa, and Timothy Knatz*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>REGINA BARRETT, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-02304-RFB-BNW<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT** |

Defendants Regina Barrett, Christopher Harris, Julio Mesa, and Timothy Knatz, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Amy A. Porray, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby submit their Unopposed Motion for an Extension of Time to File Motion for Summary Judgment. Defendants seek an extension of time from **September 6, 2021**[1] to **October 6, 2021**.[2]

///

///

///

---

[1] September 6, 2021, was the Labor Day Holiday. Accordingly, the deadline is September 7, 2021, which makes the instant motion timely. However, for purposes of calculating 30 days, the September 6, 2021, deadline will be used.

[2] This extension to file dispositive motions applies, of course, to Plaintiff as well.

## I.  INTRODUCTION

Defendants respectfully request this Court grant their request to extend the deadline to file the motion for summary judgment. The parties conducted a meet and confer telephone conference on September 1, 2021, wherein the parties agreed to a 30-day extension of time to file dispositive motions. This was primarily because of the resignation of Senior Deputy Attorney General (SDAG) Katlyn Brady and the interim reassignment of this case to the undersigned DAG. The parties agreed that a 30-day extension was mutually beneficial. Accordingly, good cause exists to grant the instant motion for extension of time.

## II.  LEGAL ARGUMENT

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962).  The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline.  *Id.*

Because of SDAG Brady's resignation, the undersigned DAG has immediately assumed responsibility for additional cases, case deadlines, and responsibilities. Although SDAG Brady has not yet left the OAG, the undersigned has already assumed these responsibilities to assist with SDAG Brady's transition from the OAG and wrap-up. The

undersigned conducted a telephonic meet and confer with Plaintiff on September 1, 2021, to discuss the instant case and upcoming dispositive motion deadline.[3] The undersigned explained to Plaintiff about the reassignment of cases and the need for an extension. The undersigned also explained that the extension would, of course, apply reciprocally. Plaintiff agreed to the filing of an unopposed motion. Accordingly, good cause exists for an extension of time.

### III. CONCLUSION

Defendants' unopposed motion for an extension of time should be granted. Defendants request an extension from the current due date of **September 6** to **October 6, 2021**. This motion is brought in good faith and not for the purposes of delay.

DATED this 7th day of September, 2021.

AARON D. FORD
Attorney General

By: /s/ Amy A. Porray
AMY A. PORRAY (Bar. No. 9596)
Deputy Attorney General

*Attorneys for Defendants*

### Order

**IT IS SO ORDERED**

**DATED:** 9:22 am, September 08, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In addition to assuming this case of Plaintiff's, the undersigned DAG has assumed two (2) other of Plaintiff's active cases. Plaintiff and the undersigned discussed those cases as well.

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 7, 2021, I electronically filed the foregoing **DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by emailing a copy at Las Vegas, Nevada, addressed to the following:

>Lausteveion Johnson, #82138
>Warm Springs Correctional Center
>P.O. Box 7007
>Carson City, Nevada 89701
>Email: wscclawlibrary@doc.nv.gov
>*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General